UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05-CV-56-R

JEFF SCOTT BELL                                              PLAINTIFF

v.

DANNY BOOHER, et al.                                    DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff, Jeff Scott Bell, *pro se*, seeks two million dollars in compensatory and punitive damages from six county jail officials and employees, in their official and individual capacities, under 42 U.S.C. § 1983, for their alleged deliberate indifference to his safety. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss this action for failure to state a claim on which relief may be granted, pursuant to § 1915A.

**I.**

      When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

      The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal

pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

## II.

Plaintiff alleges he sustained serious bodily injury in an inmate assault at the Simpson County Jail because he as a pretrial detainee was not segregated from convicted felons and because the cells failed to have panic buttons or other means of reaching a guard in an emergency. Plaintiff names six county jail officials and employees in this complaint. In the averments of facts, however, Plaintiff makes no mention of any Defendant by name nor describes how each Defendant participated in the alleged unconstitutional conduct.

## III.

The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). Rather, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). "It is not enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). This means the plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has

violated a constitutional right." *Terrrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Here, the complaint lacks the requisite specificity. Plaintiff simply alleges that Defendants improperly mixed pretrial detainees with convicted felons; that the cells failed to comply with safety standards because they were not equipped with panic buttons nor were inmates provided a way to reach a guard in an emergency; and that as a result, a convicted felon assaulted Plaintiff causing serious injury. The complaint contains no allegations addressing the role of any particular Defendant. Because the allegations omit how each Defendant was personally involved in the acts about which Plaintiff complains, the Court will dismiss the complaint for failure to state a claim on which relief may be granted.

In addition, the complaint contains no allegations supporting an essential element of a failure to protect claim under the Eighth Amendment: that Defendants were aware of a substantial risk of serious harm to Plaintiff.[1] The Eighth Amendment charges prison officials with the duty to protect an inmate from a substantial risk of serious harm when the officers are aware of such risk. *Greene v. Bowles,* 361 F.3d 290 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). If officials have acted with deliberate indifference to a substantial risk of serious harm to an inmate, their conduct crosses the bounds of cruel and unusual punishment proscribed under the Eighth Amendment. *Id*. This deliberate-indifference standard

---

[1] The Fourteenth Amendment governs the treatment of pretrial detainees, *Block v. Rutherford*, 468 U.S. 576, 583 (1984), whose due process rights are analogous to convicted prisoners' Eighth Amendment rights, *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992).

3

is a state of mind more blameworthy than mere negligence, however, for the word "punishment" itself connotes more than a lack of due care for a prisoner's safety. *Farmer*, 511 U.S. at 835 (citing *Whitley v. Albers*, 476 U.S. 312, 319 (1986)). "It is not ... every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834.

Here, the complaint contains no allegations that the perpetrator of the assault presented a risk of harm to Plaintiff specifically or to other inmates generally, other than that the perpetrator is a convicted prisoner. If such were the only criterion for placing Defendants on actual notice of a substantial risk of harm, then every prisoner per se would constitute a *substantial* risk of harm and the Eighth Amendment would in effect require officials to be guarantors of an inmate's safety. The Eighth Amendment does not impose strict liability. Thus, the allegation that inmate-on-inmate violence occurred, without any allegations supporting a reasonable inference that a particular Defendant appreciated and disregarded a substantial risk of harm to Plaintiff, falls short of stating a deliberate indifference claim.

To the extent Plaintiff relies on "safety requirement codes" to impose liability on any Defendant, an alleged violation of state law provides no basis for relief under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The Court will therefore dismiss the complaint for failure to state a claim on which relief may be granted by separate order.

Dated:

cc: Plaintiff, *pro se*

4413.007